IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JONATHAN SWORD,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:17-cv-02163

STRATA MINE SERVICES, LLC
STRATA PRODUCTS WORLDWIDE, LLC,
STRATA WORLDWIDE HOLDINGS, INC.,
AND THEIR SUCCESSORS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion For Remand [ECF No. 9]. For the reasons stated below, the court **FINDS** that removal was proper and **DENIES** the motion to remand. Pl.'s Mot. Remand [ECF No. 9].

### I. Factual and Procedural Background

The plaintiff, Jonathan Sword, was employed by the defendants, Strata Mine Services, LLC, and Strata Products Worldwide, LLC. Def.'s Notice Removal Ex. 1, at 3 [ECF No. 1-1]. The plaintiff was terminated on March 16, 2015. *Id.* at 4. In August 2015, the plaintiff began employment elsewhere, though it is not clear from the record where he is employed, what his new position is, or what his earnings are. *Id.*

On February 27, 2017, the plaintiff filed a Complaint against the defendants, Strata Mine Services, LLC, Strata Products Worldwide, LLC, Strata Worldwide

Holdings, Inc., and their successors in the Circuit Court of Logan County, West Virginia. *Id.* at 1. In the two-count Complaint, the plaintiff alleges that his termination by the defendants violated the West Virginia Human Rights Act and substantial public policy of the State of West Virginia. *Id.* at 4–5. The plaintiff requests relief consisting of: (1) lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance, inconvenience, and punitive damages in an amount to be determined by a jury; (2) all remedies afforded under the West Virginia Human Rights Act and the common law; (3) damages set forth in the Complaint; (4) pre and post judgment interest as provided by law; (5) attorney's fees and costs; and (6) any other and further relief the court deems just and equitable. *Id.* at 6–7. The plaintiff did not request the remedy of reinstatement. *Id.* at 6.

On March 31, 2017, the defendants filed a Notice of Removal based on diversity jurisdiction. Def.'s Notice Removal. The defendants allege that there is diversity of citizenship, because the plaintiff is a citizen and resident of Logan County, West Virginia, and the defendants are incorporated under the laws of Delaware and have their principal place of business in Sandy Springs, Georgia. *Id.* at 3–4. The defendants also contend that the amount in controversy requirement is met, because "[a]lthough the Complaint does not specify the amount of damages sought by Plaintiff, the amount in controversy for this case, based on Plaintiffs allegations as pled in the Complaint, exceeds $75.000.00, exclusive of interest and costs." *Id.* at 4.

On April 28, 2017, the plaintiff filed a motion to remand the case to the Circuit Court of Logan County. Pl.'s Mot. Remand. The plaintiff acknowledges that there is diversity among the parties, but claims that the defendants cannot establish that the amount in controversy exceeds $75,000. Pl.'s Mem. Supp. Mot. Remand 2 [ECF No. 10].

## II. Legal Standard

An action may be removed from state court to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(b). For an action to be brought originally in federal court based on diversity jurisdiction, the court must find that the "matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Shumate v. Dyncorp Int'l LLC*, No. 5:11-cv-00980, 2012 WL 830241, at *2 (S.D. W. Va. Mar. 9, 2012). "But this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

III.   Discussion

The only issue that must be resolved is whether the amount in controversy exceeds $75,000. "[I]f there is no *ad damnum* clause with an amount over $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962 (S.D. W. Va. 2011). "The defendant cannot meet its burden by simply alleging the presence of a sum in excess of the jurisdictional minimum." *Id.* at 963. "Instead, the defendant must supply evidence, and the court bases its decision to remove on the record that exists at the time the petition for removal was filed." *Id.* The defendant's notice of removal, however, "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 547, 554 (2014).

To determine the amount in controversy, when no specific dollar amount demand is contained in the complaint, courts consider "the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate." *Shumate*, No. 5:11-cv-00980, 2012 WL 830241, at *4. "[T]he Court in making this determination 'is not required to leave its common sense behind.'" *Id.* (quoting *Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. 22, 24 (S.D. W. Va. 1994)).

Here, the defendants concluded that the amount in controversy exceeds $75,000 by estimating how much the plaintiff could receive for each category of damages he seeks. Def.'s Notice Removal 4–6. At the time of his discharge, the

plaintiff was compensated $52,000 per year assuming a 40 hour work week at his hourly rate of $25. *Id.* at 5. Thus, the defendants estimate the plaintiff's lost wages claim through February 27, 2017 at approximately $108,800. *Id.* The defendants also allege that benefits are often calculated as a percentage of base salary. The defendants calculated the value of the plaintiff's lost benefits at 25% of his base salary, which the defendants claim is a conservative estimate, and arrive at a value of lost benefits of $27,200. *Id.* While the defendants do not specify a particular sum for punitive damages, they argue that the plaintiff's request for punitive damages should inflate the amount in controversy. *Id.* at 5–6. Lastly, the defendants add an additional $30,000 for the amount of attorney's fees the plaintiff would likely recover if this case went to trial. Def.'s Resp. to Pl.'s Mot. Remand 7. Thus, the defendants allege that the amount in controversy is $190,800, without taking into account punitive damages or any of the other damages the plaintiff is seeking. *See id.*

There are three reasons why the plaintiff argues that the defendants did not properly calculate damages. First, the plaintiff argues that the defendants did not consider the fact that the plaintiff mitigated his damages by securing new employment in August 2015. Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. Remand 2 ("Pl.'s Reply") [ECF No. 14]. Second, the plaintiff argues that the defendants' calculation of punitive damages and attorney's fees are "wildly speculative." *Id.* Lastly, the plaintiff argues that the defendants ignored the fact that unmitigated front pay

5

damages are no longer available to litigants since the enactment of W. Va. Code 55-7E-1 et seq. *Id.*

Despite the plaintiff's contentions, the defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, and thus diversity jurisdiction is proper. While it is true that the defendants did not consider the fact that the plaintiff mitigated his damages by becoming employed, the plaintiff did not provide any information from which the defendants could calculate a plausible amount to subtract from its calculations. In *Shumate*, the plaintiff alleged that the defendant was required to subtract from its damages calculation the amount the plaintiff was required to mitigate in damages. *Shumate*, No. 5:11-cv-00980, 2012 WL 830241, at *5. The court found that this was impractical given that that "[a]t the time of removal, no evidence of mitigation was in the record." *Id.*

Here, there is evidence of mitigation in the record. That evidence, however, solely consists of the plaintiff's assertion that he became employed again in August 2015, four months after being terminated by the defendants. Pl.'s Reply 2. The plaintiff did not provide any information regarding where he became employed, what his new position is, or what his salary is. If the plaintiff only requested compensation for the time period between employment, then this information would be sufficient. Instead, the plaintiff requested lost wages, back pay, and front pay. Def.'s Notice Removal Ex. 1, at 6–7. Thus, *how much* of the damages the plaintiff mitigated is important for the defendants' calculations. Had the plaintiff provided

an approximation of the amount he has made since becoming employed again, then the defendants would have been able to deduct that from their calculation. *See Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1242–44 (M.D. Fla. 2011); *Bush v. Roadway Express, Inc.*, 152 F. Supp. 2d 1123, 1126–27 (S.D. Ind. 2001).

Without any information regarding mitigation in the record, the only evidence the defendant had to calculate lost wages, back pay, and front pay was the plaintiff's prior salary and the time that has lapsed. Based on this information, the defendants calculated that the plaintiff's lost wages claim through February 27, 2017 at approximately $108,800. Def.'s Notice Removal 5. This is enough to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Since the amount in controversy substantially exceeds $75,000 when only taking into account the plaintiff's request for lost wages and back pay, the court will not analyze how W. Va. Code 55-7-1 et seq. could affect the plaintiff's recovery of front pay damages or whether the defendants' calculations regarding punitive damages or attorney's fees was too speculative.

IV. Conclusion

I **FIND** by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. Therefore, Plaintiff's Motion For Remand is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 21, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE